UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO LEE JOHNSON JONES,

        Plaintiff,

v.

PAROLE AGENT SHAFT SANDERS,

        Defendant.
                                   /

Case No. 08-12405

Gerald E. Rosen
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR
<u>TEMPORARY RESTRAINING ORDER (Dkt. 3)</u>**

**I.    PROCEDURAL HISTORY**

Plaintiff failed a civil rights complaint against defendant on June 5, 2008. (Dkt. 1). Plaintiff also applied to proceed *in forma pauperis*, which was granted on July 9, 2008. (Dkt. 2, 4). District Judge Gerald E. Rosen referred this matter to the undersigned for all pretrial purposes on July 9, 2008. (Dkt. 5). Plaintiff filed a motion for temporary restraining order on June 5, 2008. (Dkt. 3). The summons and complaint were served on defendant on August 18, 2008. (Dkt. 9). Defendant moved for an extension of time to answer the complaint and respond to plaintiff's motion for temporary restraining order. (Dkt. 13). The Court granted defendant's

request and gave defendant until December 8, 2008 to answer or otherwise respond to the complaint and to plaintiff's motion. (Dkt. 14). Defendant filed a motion to dismiss or for summary judgment on December 8, 2008, but did not file a response to plaintiff's motion at that time. (Dkt. 15). On January 9, 2009, defendant filed a response to plaintiff's motion for temporary restraining order. (Dkt. 18).

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motion for temporary restraining order because the relief requested is entirely **MOOT**.

**II.   ANALYSIS**

    A.   Standard of Review

The availability of injunctive relief is a procedural question that is governed by federal law. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction:

    1.    whether the movant has established a substantial likelihood or probability of success on the merits;

    2.    whether the movant has demonstrated a threat of irreparable harm;

      3.      whether the issuance of a preliminary injunction would cause substantial harm to others; and

      4.      whether the public interest is served by the issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir. 2008). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003), quoting, *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). A plaintiff must always, however, show irreparable harm before a preliminary injunction may issue. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982).

    B.    <u>Plaintiff's Request for Injunctive Relief is Moot</u>.

Plaintiff moves for a temporary restraining order to have defendant removed as his parole agent, given plaintiff's claims against defendant in this lawsuit, and plaintiff's fears for his liberty and freedom. (Dkt. 3). In response, defendant submits an affidavit attesting that he no longer has any supervisory control over plaintiff, as of September 17, 2008. (Dkt. 18, Ex. 1). As suggested by defendant,

the Court need not balance the four factors above because plaintiff's request for preliminary injunctive relief is entirely moot.  *See e.g.*, *Davis v. Caruso*, 2008 WL 878878 (E.D. Mich. 2008).  Because plaintiff is no longer subject to the authority of the official whom he feared would deny his liberty and freedom, his request for injunctive relief is moot and should be denied.

**III.   RECOMMENDATION**

Accordingly, for the reasons stated above, it is **RECOMMENDED** that plaintiff's request for injunctive relief be **DENIED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response must not exceed 20 pages in length unless such page limitation is extended by the Court. The response must address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: January 12, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on <u>January 12, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Charles C. Schettler, Jr.</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Lorenzo L. Johnson Jones, 114747 Liberal, Detroit, MI 48226</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov