UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO LEE JOHNSON JONES,　　　　　　Case No. 08-12405

　　　　　Plaintiff,　　　　　　　　　　　　　　　Gerald E. Rosen
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

　　　　　　　　　　　　　　　　　　　　　　　　Michael Hluchaniuk
PAROLE AGENT SHAFT SANDERS,　　　　　　United States Magistrate Judge

　　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION**
**DISMISSAL FOR FAILURE TO PROSECUTE AND DEFENDANT'S**
**MOTION TO DISMISS OR SUMMARY JUDGMENT (Dkt. 15)**

**I.　　PROCEDURAL HISTORY**

Plaintiff filed a civil rights complaint against defendant on June 5, 2008. (Dkt. 1). Plaintiff also applied to proceed *in forma pauperis*, which was granted on July 9, 2008. (Dkt. 2, 4). District Judge Gerald E. Rosen referred this matter to the undersigned for all pretrial purposes on July 9, 2008. (Dkt. 5). Plaintiff filed a motion for temporary restraining order on June 5, 2008. (Dkt. 3). The summons and complaint were served on defendant on August 18, 2008. (Dkt. 9). Defendant moved for an extension of time to answer the complaint and respond to plaintiff's motion for temporary restraining order. (Dkt. 13). The Court granted defendant's

request and gave defendant until December 8, 2008 to answer or otherwise respond to the complaint and to plaintiff's motion. (Dkt. 14). Defendant filed a motion to dismiss or for summary judgment on December 8, 2008, but did not file a response to plaintiff's motion at that time. (Dkt. 15). On January 9, 2009, defendant filed a response to plaintiff's motion for temporary restraining order. (Dkt. 18). On January 12, 2009, the undersigned recommended that plaintiff's motion for temporary restraining order be denied as moot, which recommendation was adopted by the district court. (Dkt. 19, 22).

On January 7, 2009, plaintiff moved to extend the time for his response to defendant's motion for summary judgment. (Dkt. 16). Plaintiff's motion was granted, allowing plaintiff until March 2, 2009 to file a response. On March 27, 2009, plaintiff filed a second motion for extension of time to respond to the motion to dismiss. (Dkt. 23). The Court again granted plaintiff's motion and allowed plaintiff until May 26, 2009 to respond. No response was filed. On June 12, 2009, the Court issued an order for plaintiff to show cause, by June 29, 2009, why his complaint should not be dismissed without prejudice for his failure to respond to defendant's motion to dismiss and for failure to prosecute. (Dkt. 25). Plaintiff has not filed any response.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice for failure to prosecute. The undersigned further recommends that defendant's motion to dismiss or for summary judgment be **DENIED** as moot.

II.     ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute

cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*).  Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

   In this case, plaintiff ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan.  The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiff that his case would be dismissed with prejudice if he again failed to respond to an order of the Court. (Dkt. 25). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's complete failure to participate in this case for nearly six months, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White, at *8*, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte*

dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Under the circumstances, the undersigned suggests that dismissal with prejudice is appropriate.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice. The undersigned further recommends that defendant's motion to dismiss or for summary judgment be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 6, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on July 6, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Charles C. Schettler, Jr., and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Lorenzo L. Johnson Jones, 114747 Liberal, Detroit, MI 48226.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov